Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 570 | **DATE** | 5/1/2002 |
| **CASE TITLE** | Villa vs. Brady Publishing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 4-1) to dismiss is granted. We dismiss Villa's complaint in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | U.S. DISTRICT COURT 02 MAY -1 PM 15:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HIRAM VILLA, )
)
Plaintiff, )
)
vs. ) 02 C 570
)
BRADY PUBLISHING, an imprint of )
Macmillian USA, part of Pearson PLC, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 10, and 12 by Defendant Brady Publishing. For the reasons set forth below, we grant the motion to dismiss.

## BACKGROUND

The complaint contains the following factual allegations which we must accept as true for purposes of this motion to dismiss. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff Hiram Villa ("Villa") is an artist who paints wall murals and is known by his fans by the name UNONE. Many of Villa's works consist of stylized letters spelling UNONE. One of Villa's wall paintings is entitled "UNONE Piece 20." Villa owns the copyright in UNONE Piece 20. Defendant Brady Publishing ("Brady") published a book entitled Tony Hawk's Pro Skater 2

Official Strategy Guide (the "Book"). In the Book, Brady published a repainted reproduction of UNONE Piece 20 without Villa's permission.

On December 14, 2001, Villa alleges that he applied for registration of his copyright in UNONE Piece 20 by sending a copyright registration application to the Copyright Office. On January 24, 2002, before the Copyright Office issued or refused Villa's registration, Villa commenced this lawsuit. The complaint alleges copyright infringement, unfair competition, invasion of privacy, and appropriation. Brady now moves to dismiss Villa's complaint pursuant to Fed. R. Civ. Proc. 8, 10, and 12.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

A defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Federal courts are not courts of general jurisdiction; their power must be authorized by the Constitution or by federal statutes. Kokkonen v. Guardian Life Ins. Co. of America, 114 S.Ct. 1673, 1675 (1994). When jurisdictional allegations are questioned, the party asserting jurisdiction has the burden of proving that the jurisdictional requirements have been met. Id.; Del Vecchio v. Conseco, 230 F.3d 974, 979 (7th Cir. 2000). With these principles in mind, we address the motion before us.

## DISCUSSION

Brady has attacked the sufficiency of all of the claims advanced in the complaint, arguing jurisdictional problems with the copyright claim and preemption of the state law claims, as well as lack of required legal specificity of various of the state law claims. Because Villa has asserted only one claim rooted in federal law, we must initially focus our attention on allegations of copyright infringement. If this claim does not withstand Brady's motion to dismiss, we have no jurisdiction to consider Villa's remaining claims, which all rest on state law.[1]

---

[1] We note that Villa has alleged unfair competition, a cause of action that can arise from the Lanham Act, a federal statute. However, it is clear from the contents of the complaint and Villa's response to the instant motion that he does not, and cannot, make a claim of unfair competition under 15 U.S.C. § 1125(a). Such a claim requires the plaintiff to allege a protectable mark whose use by the defendant is likely to cause confusion among consumers. CAE, Inc. v. Clean Air Engineering, Inc., 267 F.3d 660, 673-74 (7th Cir. 2001). Villa clearly alleges likelihood of confusion, but he makes no allegation that his artwork is a protectable mark as required under § 1125(a).

The Copyright Act states that a plaintiff may not file suit for copyright infringement until the Copyright Office issues or refuses a registration. 17 U.S.C. § 411(a). Villa does not allege that either of these events have occurred. He states only that he applied for registration of his copyright in UNONE Piece 20 and acknowledges that he has received no response from the Copyright Office regarding his application. However, Villa argues that he need not wait for the Copyright Office to make its decision; rather, he claims the requirements of § 411 are satisfied once the Copyright Office has received his copyright application, deposited work, and fee payment. Some courts, most notably the Fifth Circuit Court of Appeals, have adopted this view. Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984). However, even these cases do not assume receipt but require some form of proof that the application reached its destination. See, e.g., Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir. 1991) (cashed fee check); Wilson v. Mr. Tee's, 855 F. Supp. 679, 682 (D.N.J. 1994) (postal receipt). Villa offers no such proof.

In any event, the law of our circuit does not track the Fifth Circuit's liberal interpretation of the requirements of 17 U.S.C. § 411. The Seventh Circuit recognizes only the two events explicitly laid out in the statute as triggers for federal jurisdiction over an infringement suit. Pickett v. Prince, 207 F.3d 402, 404 (7th Cir. 2000). Therefore, the registration of a copyright is a jurisdictional requirement that a plaintiff must satisfy before his copyright infringement claim will be heard. Id.; see also Sassafras Enterprises, Inc. v. Roshco, Inc., 889 F. Supp. 343, 347 n.5 (N.D. Ill. 1995);

Health o meter, Inc. v. Terraillon Corp., 873 F. Supp. 1160, 1168 (N.D. Ill. 1995); Store Decor v. Stylex Worldwide Industries, 767 F. Supp. 181, 184 (N.D. Ill. 1991). As stated earlier, as the party asserting jurisdiction, Villa has the burden to prove that all jurisdictional requirements have been met. To satisfy this burden, he contends that the Copyright Office's normal mailing procedures have been disrupted and that we should therefore conclude that the requirements of § 411 were satisfied upon the dispatch of his application. Indeed, he offers to resend them so there is no mistake that they have been sent. Whatever the reason for the delay in the response from the Copyright Office, the statute and Seventh Circuit case law are clear. A putative copyright owner cannot meet the statutory prerequisites by merely sending registration materials, regardless of the number of times they are posted. We are without authority to hear Villa's copyright claim.

We therefore conclude that we lack subject matter jurisdiction over the only federal claim in this action. As such, we need not and do not address Brady's arguments regarding preemption and the legal sufficiency of the remaining state law claims.

## CONCLUSION

For the foregoing reasons, we dismiss Villa's complaint in its entirety.

_____
Charles P. Kocoras
United States District Judge

Dated: _____May 1, 2002_____