Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 570 | **DATE** | 6/26/2002 |
| **CASE TITLE** | Villa vs. Brady Publishing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Villa's motion (Doc 12-1) to vacate our prior judgment is granted. His motion (Doc 12-2) for leave to file an amended complaint is denied, and because no viable claim exist, the action is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 27 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 27 2002

HIRAM VILLA,  )
            )
    Plaintiff,  )
            )
vs.         )  02 C 570
            )
BRADY PUBLISHING,  )
            )
    Defendant.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Plaintiff Hiram Villa ("Villa") to vacate our prior judgment and for leave to amend his previous complaint.

### BACKGROUND

Villa is a graffiti artist who sometimes goes by the pseudonym "UNONE." He specializes in outdoor murals that incorporate highly stylized renditions of the letters of his pseudonym. He claims that his particular style of artwork is distinctive and recognizable (though the precise nature of its contents may not be) to anyone familiar with his work.

Defendant Brady Publishing ("Brady") published a book entitled "Tony Hawk's Pro Skater 2 Official Strategy Guide" ("the Guide"), which included a reproduction of one of Villa's UNONE murals without permission from Villa. Upon learning of the mural's appearance in the Guide, Villa filed suit, alleging copyright infringement and

pendent state law claims of deceptive business practice, invasion of privacy, and violation of the right to publicity. Because Villa has yet to register his copyright with the Copyright Office, the copyright claim was dismissed, and we declined to exercise supplemental jurisdiction over the remaining state-law claims. Villa now moves to vacate the prior judgment and seeks leave to amend the complaint to allege diversity jurisdiction.

## LEGAL STANDARD

Fed. R. Civ. Proc. 59(e) permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. This procedural mechanism is often invoked to alert the court to matters such as newly discovered evidence or manifest errors of law or fact. See In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Russell v. Delco Remy Div. of General Motors Corp.., 51 F.3d 746, 749 (7th Cir. 1995). However, parties cannot use the rule to undo their own procedural failures or to present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). To be successful, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." LB Credit Corp., 49 F.3d at 1267 (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision to grant relief under Rule 59(e) is left to the discretion of the district court. Prince, 85 F.3d at 324.

Fed. R. Civ. Proc. 15(a) provides that leave to amend "shall be freely given when justice so requires." As with motions brought pursuant to Rule 59(e), the decision whether to grant leave to amend a pleading rests in the broad discretion of the trial court. See Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989). Despite the typically liberal application of leave under Rule 15(a), it is appropriate to deny leave to amend where "there has been undue delay or there would be undue prejudice to the opposing party, or when the amendment would be futile." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993). With these principles in mind, we turn to the motions before us.

## DISCUSSION

Amendments to pleadings are liberally granted consistent with Rule 15(a) standards throughout the pendency of a suit. See Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002). Once judgment has been entered, however, the complaint cannot be amended unless the prior judgment is first vacated. Diersen v. Chicago Car Exchange, 110 F.3d 481, 488 (7th Cir. 1997). Villa therefore moves to vacate our May 1 judgment, claiming that the conclusion that we had no subject matter jurisdiction in this case represented a manifest error of law that would warrant relief under Rule 59(e).

Villa does not dispute that the only federal claim contained in his prior complaint was properly dismissed. Instead, he asserts for the first time that this court has diversity jurisdiction over the instant action. In response, Brady argues that because Villa knew or should have known that diversity was a possible source of jurisdiction at the time the

original complaint was filed, this is an argument that should have been made prior to the entry of judgment. Consequently, Brady insists that relief is not called for under Rule 59(e).

If the amendment sought did not involve allegations of jurisdiction, we would be inclined to agree with Brady. District court opinions are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Moreover, Rule 59(e) is not to be used to enable a party to complete his case after the court has ruled against him. Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). The time for research and development of the plaintiffs' theories of recovery is before papers are filed, not after the court has spent significant time and effort on the assumption that the parties have put their best foot forward. However, pleadings can be amended to cure defective allegations of jurisdiction at any time, even after the entry of judgment. 28 U.S.C. § 1653; Shaw v. Dow Brands, Inc., 994 F.2d 364, 368-69 (7th Cir. 1993). As it appears from the allegations of the new complaint that the parties are in fact diverse, we vacate our prior decision that no federal jurisdiction could be asserted over Villa's state-law claims.

The conclusion that the proposed complaint rests on a solid jurisdictional footing is only the starting point of our inquiry in deciding whether leave to amend is warranted in this case. Although leave to amend is "freely given when justice so requires," justice does not allow a plaintiff to file an amendment that would ultimately prove futile, even

if jurisdiction would lie for a viable claim. See Foman v. Davis, 83 S.Ct. 227, 230 (1962); Wade, 993 F.2d at 1249. Brady, relying on this proposition, argues that the state-law claims Villa advances in the proposed amended complaint are preempted by 17 U.S.C. § 301, thus rendering Villa's attempt to amend pointless.

Section 301 expressly provides that any state-law rights in copyrightable works that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression" are governed solely by the Copyright Act. A state-law right is preempted under this section if 1) the work is fixed in a tangible form and copyrightable under 17 U.S.C. §§ 102 and 103 and 2) the state-law right expressed is equivalent to those enumerated in 17 U.S.C. § 106: reproduction, derivation, display, and distribution. Both conditions must be satisfied before a claim is preempted under § 301. Baltimore Orioles, Inc. v. Major League Baseball Players Assoc., 805 F.2d 663, 674 (7th Cir. 1986).

We assume, without deciding, that the work is copyrightable and was, at some point before its appearance in the Guide, fixed in a tangible form and focus our attention solely on the equivalence prong of the analysis. Preemption in this context does not necessarily apply categorically to a given statute or common-law right. A proper assessment of equivalence looks beyond the bare elements of the state-law cause of action to the particulars of each case. Stephen & Hayes Construction, Inc. v. Meadowbrook Homes, Inc., 988 F. Supp. 1194, 1198-99 (N.D. Ill. 1998). A claim

escapes the preemption bar only if the rights alleged to have been violated are qualitatively different from those protected by copyright. Id. ( Uniform Deceptive Trade Practices Act claim not preempted by § 301); Ahn v. Midway Manufacturing Co., 965 F. Supp. 1134, 1138 (N.D. Ill. 1997) ( right of publicity claim preempted by § 301); FASA Corp. v. Playmates Toys, Inc., 869 F. Supp. 1334, 1361 (N.D. Ill. 1994) (unfair competition claim preempted by § 301). The labels a plaintiff affixes to a defendant's activities are insignificant if the complaint does not assert rights that fall outside the scope of those listed in § 106. See FASA., 869 F. Supp. at 1361.

Count I of the instant complaint is equivocally titled "deceptive business practice." The specific legal underpinning of this count is unclear; Villa specifically mentions the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., but characterizes Brady's actions in terms more properly suited to an action brought under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. Compl., ¶¶ 9, 10. Both statutes prohibit the use of deceptive business practices, such as passing off another's goods as one's own and misrepresenting support or endorsement, for commercial gain. Whether Villa seeks to state a claim under either statute or both, and despite the fact that he characterizes Brady's actions with terms used within those statutes, the fact remains that the conduct he alleges as the basis of liability is the same: inclusion of a copy of his artwork in the Guide. Proposed Am. Compl., ¶ 9. The allegations of Count I therefore rest solely on the unauthorized reproduction, display, and distribution of Villa's artistic expression. As such, the rights

Villa asserts in the amended complaint are qualitatively identical to those that would be form the basis of a copyright infringement claim. Accordingly, § 301 bars his attempt to style them as state-law causes of action.

Count II purports to bring a claim for invasion of privacy. Until 1999, the common-law tort of invasion of privacy in Illinois took one of four specific forms: 1) intrusion upon the seclusion of another; 2) public disclosure of private facts; 3) placing another in a false light before the public; and 4) appropriation of another's name or likeness. Ainsworth v. Century Supply Co., 693 N.E.2d 510, 512 (Ill. App. Ct. 1998). In June 1999, the Illinois legislature enacted the Right of Publicity Act. See 765 ILCS 1075/1 et seq. The act completely replaced the fourth incarnation, appropriation, with a broader statutory right to control the use of one's name or likeness. See 765 ILCS 1075/60. Villa therefore can no longer do what he attempts to do in Count II, namely to assert a common-law cause of action for appropriation of his name.

Finally, Count III alleges a violation of Villa's right of publicity. Villa does not make reference to the Right of Publicity Act, but because the act supplies the only basis remaining for such a claim in Illinois, we assume that he intended to invoke his statutory rights. Although this count recites the correct statutory language of improper use of a name without permission, and the mural does contain the letters UNONE, the conduct in question is once again the inclusion of the artwork. The fact that the mural incorporates the pseudonym is incidental; the essence of the behavior with which Villa truly takes issue is the reproduction, distribution, and display of his artwork without his

permission. There is nothing in the allegations of Count III that would not also implicate the rights contained in 17 U.S.C. § 106. Accordingly, the state-law claims within the amended complaint would be preempted under 17 U.S.C. § 301, and to allow Villa to file his amended complaint would be an exercise in futility. Because none of the claims Villa has advanced can survive, the action has no substance and is consequently dismissed.

## CONCLUSION

Based on the foregoing, Villa's motion to vacate our prior judgment is granted. His motion for leave to file an amended complaint is denied, and because no viable claims exist, the action is dismissed.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: June 26, 2002